JIN YU LIN, Petitioner,

v.

**Eric H. HOLDER, U.S. Attorney General, Respondent.**[*]

No. 08–1840–ag.

United States Court of Appeals, Second Circuit.

Aug. 19, 2009.

---

[*] Eric H. Holder is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Feng Li, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Blair T. O'Connor, Assistant Director, John H. Hogan, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROGER J. MINER, PIERRE N. LEVAL and ROSEMARY S. POOLER, Circuit Judges.

*SUMMARY ORDER*

Petitioner Jin Yu Lin, a native and citizen of the People's Republic of China, seeks review of an April 2, 2008 order of the BIA affirming the September 14, 2006 decision of Immigration Judge ("IJ") Javier Balasquide, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Yu Lin,* No. A95 716 568 (B.I.A. Apr. 2, 2008), *aff'g* No. A95 716 568 (Immig. Ct. N.Y. City Sept. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For asylum applications that, like this one, are governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (B.I.A.2007).

██ The agency's adverse credibility determination is supported by substantial evidence. The IJ properly noted that there were several inconsistencies within Lin's testimony and statements she made during her airport interview. Such inconsistencies concerned: the date of her alleged abortion; whether she would be harmed if returned to China; whether she had been "harmed, persecuted or threat-

ened by the Chinese government;" why she sought asylum in the United States; and who assisted her in traveling to the United States. Contrary to Lin's argument, the agency did not err in relying on the record of the airport interview in reaching its adverse credibility determination where: (1) Lin had confirmed the background information contained in the interview notes; (2) Lin signed a sworn statement indicating that the interview was conducted in her native language of Mandarin; (3) there was a verbatim account of the interview, including seven pages of the questions that the officer asked and Lin's responses to those questions; and (4) the questions were "designed to elicit the details of an asylum claim." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir.2004) (identifying factors that determine whether an airport interview provides a sufficiently accurate record). Accordingly, the agency properly relied on the substantial and material inconsistencies between Lin's testimony and her airport interview in reaching its adverse credibility determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008) (holding that even collateral inconsistencies could support an adverse credibility determination in a REAL ID Act case).

While the IJ's decision was not without error, remand is not required here as we can "confidently predict" that the IJ would reach the same decision absent the errors that were made. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006). Because the only evidence of a threat to Lin's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum and withholding of removal where both

claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Finally, because Lin failed to challenge the agency's denial of her CAT claim, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Lin's pending motion for a stay of removal in this petition is DISMISSED as moot.